FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Guardian, Appellant, vs. HARDY and others, Respondents.

*December 7, 1937—January 11, 1938.*

458

For the appellant there was a brief by *Hand & Quinn* of Racine, and oral argument by *E. B. Hand*.

*Thomas P. Hardy* of Racine, *in pro. per.,* and for the respondents.

WICKHEM, J.    The jurisdiction of the trial court to relieve against the previous order confirming the sale in response to defendant's petition must be found in sec. 269.46 (1), Stats., which provides as follows:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

That the court assumed to act under this section is extremely doubtful in view of the terms of the order appealed from. Had the order been grounded on mistake, inadvertence, surprise, or excusable neglect, it seems unlikely that it would have been made conditional upon the performance by defendants of acts that have no relation to their obligations under the judgment of foreclosure. The purpose of the order, and its sole purpose, was either to enforce between the parties a legally unenforceable oral land contract, and this

not according to its terms, or else to substitute for the statutory procedure on foreclosure one which was solely judicial in creation. If this be the proper conclusion, the court had no jurisdiction to make the order. If not, the order must be reversed for the reason that the relief granted was wholly beyond the power of the court to give. Having set aside the order of confirmation, the court could do no more than to leave defendant at such point in the process of foreclosure as he would have been had the order so set aside never been made. The court had no power to enforce an oral land contract between the parties if such a contract was in fact made, and much less could the court enforce, as here, an oral understanding different from that alleged to have been made. The latter observation is made in view of the fact that defendant claimed the agreement to be that he was to pay $1,000 down and receive a land contract covering the balance due. Neither could the court vary by such an order the statutory method of foreclosure and compel plaintiff to accept a sum in redemption less than that due under the foreclosure judgment. Since the conditions attached to the order make it evident that the confirmation was set aside solely for the purpose of granting this relief, it follows that the entire order must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to set aside and vacate the order appealed from.